RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3173-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

YUJIE GAO,

 Defendant-Appellant.
_________________________

 Submitted May 24, 2017 – Decided July 18, 2017

 Before Judges Fuentes and Simonelli.

 On appeal from the Superior Court of New
 Jersey, Law Division, Middlesex County,
 Accusation No. 14-10-0483.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Lauren S. Michaels, Assistant
 Deputy Public Defender, of counsel and on the
 brief).

 Andrew C. Carey, Middlesex County Prosecutor,
 attorney for respondent (Nancy A. Hulett,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant Yujie Gao appeals from the October 29, 2015 Law

Division order, which denied his appeal of the rejection of his
application for admission into the pre-trial intervention (PTI)

program. We affirm.

 Defendant was charged with fourth-degree criminal sexual

contact, N.J.S.A. 2C:14-3(b). The charges stemmed from an incident

on a public bus where defendant sat next to a female passenger,

who was asleep, and groped her breast and buttocks. The victim

awoke when she felt a hand on her right breast and a hand on her

buttock. She jumped up and screamed, and asked for the bus to be

stopped. Another passenger moved defendant to the back of the

bus. The bus driver stopped the bus and the New Jersey State

Police were called.

 A State Trooper arrived at the scene and saw that the victim

appeared visibly disturbed and was crying and gasping for breath

between sobs. The Trooper entered the bus and saw that defendant's

pants button was unclasped and his zipper was lowered. Two

passengers told the Trooper that after hearing the victim scream,

they saw defendant masturbating and attempting to cover his penis

with his jacket. Defendant told the Trooper that his elbow touched

the victim's elbow and she seemed like a nice girl, so he decided

to give her a massage, but stopped when she began screaming.

Defendant admitted that he touched his penis during the incident

and touched the victim under her pants and shirt.

 2 A-3173-15T2
 Defendant legally emigrated from China in 1997. He has no

criminal history or substance abuse issues, and dedicated himself

to raising his son while his wife continued living and working in

China to support the family. He has two Masters Degrees, one in

Engineering Mechanics, and another in Computer Science and

Engineering, and had a job offer to work as a Clinical Programmer,

but the start date was delayed due to the pending charge.

 Defendant applied for admission into the PTI program. The

Criminal Division manager (CCM) did not recommended defendant's

admission, finding as follows:

 The nature of the offense is of such
 severity that admission into PTI would
 deprecate the seriousness of the offense
 (Guideline 3(i)). PTI is a short-term program
 intended for victimless crimes (Guideline 1)
 . . . .

 The defendant committed the offense while
 on a public bus. He took advantage of a young
 woman sleeping whose life could be
 significantly affected by the defendant's
 actions. The offense is a violation of an
 individual's body. It is felt defendant's
 admission into the program would not
 significantly protect the needs of the
 victim[] and society (Guideline 3(7)).

 It appears the defendant is in need of mental
 health counseling. The defendant advised
 [State Troopers] he was "messaging" the victim
 because they touched elbows and the victim
 "seemed like a nice girl." the defendant's
 actions cannot be excused. According to PTI
 Guideline 3(i) there must be a balance struck
 between a defendant's amenability to

 3 A-3173-15T2
 correction, responsiveness to rehabilitation
 and the nature of the offense. At the time
 of the defendant's PTI application, he did not
 take responsibility for his actions and
 indicated he did not commit the offense. CCM
 believes the defendant requires more intense
 supervision than is provided by the [PTI]
 program.

The CDM recognized favorable factors, including that defendant was

charged with a fourth-degree offense, had a minimal court history,

and a conviction could prohibit him from obtaining employment.

However, the CDM rejected defendant's application "based on the

seriousness of the offense, the need to protect society, and the

public need for prosecution[.]"

 The prosecutor agreed with the CCM's reasons and incorporated

them in her reasons for rejecting defendant's admission into the

PTI program. The prosecutor also considered all relevant factors

set forth in N.J.S.A. 2C:43-12, stating as follows:

 The State has evaluated this case from all
 aspects noted in the PTI guidelines and
 statutes. Among the factors which bear upon
 the Prosecutor's decision is the fact that
 this is a crime that involves a victim of a
 sexual assault. As noted in PTI Guideline
 1(c) and N.J.S.A. 2C:43-12(a)(3), the purpose
 of [PTI] is to "provide a mechanism for
 permitting the least burdensome form of
 prosecution possible for defendant's charged
 with 'victimless' offenses." Defendant's
 actions clearly do not constitute a victimless
 offense. The victim in this case has been in
 contact with the State on numerous occasions.
 It is her sincere desire for this case to be
 handled through the traditional means of

 4 A-3173-15T2
 prosecution. The needs and interests of the
 victim and society in prosecuting this case
 weigh in favor of rejecting this defendant
 from the PTI program. N.J.S.A. 2C:43-
 12(e)(7).

 The nature of the offense and the facts
 of the case, as set forth above, weigh against
 admission into the PTI program. In this case,
 the value of supervisory treatment is
 outweighed by the public need for prosecution.
 N.J.S.A. 2C:43-12(e)(1), (2) and (14).

 Defendant appealed the prosecutor's decision. While the

appeal was pending, the CDM issued an addendum, stating that

documents she received from defendant's attorney after the

rejection of defendant's PTI application did not change the initial

recommendation. In an oral opinion, Judge Diane Pincus denied

defendant's appeal, finding there was no abuse of discretion or

misapplication of the law, and no compelling reason warranting

admission into PTI.

 Defendant then pled guilty to fourth-degree criminal sexual

contact in exchange for the State's agreement to recommend a one-

year term of non-custodial probation. The trial court sentenced

defendant to a one-year term of probation, and imposed the

appropriate assessments, fines, and penalties.

 On appeal, defendant raises the following contention:

 POINT I

 THE PROSECUTOR'S REJECTION OF
 DEFENDANT'S ADMISSION INTO [PTI] IS A

 5 A-3173-15T2
 PATENT AND GROSS ABUSE OF DISCRETION THAT
 CLEARLY SUBVERTED THE GOALS UNDERLYING
 PTI, WHICH MUST BE CORRECTED BY THIS
 COURT.

We have considered this contention in light of the record and

applicable legal principles and conclude it is without sufficient

merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

We affirm substantially for the reasons expressed by Judge Pincus

in her comprehensive and cogent oral opinion. However, we make

the following comments.

 We have held that

 PTI is a diversionary program designed
 to augment the options of prosecutors in
 disposing of criminal matters . . . [and]
 provide applicants with opportunities to avoid
 ordinary prosecution by receiving early
 rehabilitative services or supervision, when
 such services or supervision can reasonably
 be expected to deter future criminal behavior
 by an applicant.

 [State v. Motley, 369 N.J. Super. 314, 320
 (App. Div. 2004) (quoting State v. Brooks, 175
 N.J. 215, 223 (2002)).]

To gain admission, a defendant must obtain a positive

recommendation from the PTI director and the consent of the

prosecutor. Ibid.

 In making a PTI determination, the prosecutor must evaluate

the criteria set forth in N.J.S.A. 2C:43-12(e) and the Rule 3:28

Guidelines. State v. Negran, 178 N.J. 73, 80-81 (2003). As part

 6 A-3173-15T2
of that determination, the prosecutor must assess a defendant's

"amenability to correction," potential "responsiveness to

rehabilitation," and the nature of the offense charged. State v.

Watkins, 193 N.J. 507, 520 (2008) (quoting N.J.S.A. 2C:43-12(b);

State v. Bender, 80 N.J. 84, 89 (1979)).

 A "[d]efendant generally has a heavy burden when seeking to

overcome a prosecutorial denial of his [or her] admission into

PTI." Ibid. (citation omitted). In order to overturn a

prosecutor's rejection, a defendant must "clearly and convincingly

establish that the prosecutor's decision constitutes a patent and

gross abuse of discretion." State v. Hoffman, 399 N.J. Super.

207, 213 (App. Div. 2008) (quoting State v. Watkins, 390 N.J.

Super. 302, 305 (App. Div. 2007), aff'd, 193 N.J. 507 (2008)). "A

patent and gross abuse of discretion is defined as a decision that

'has gone so wide of the mark sought to be accomplished by PTI

that fundamental fairness and justice require judicial

intervention.'" Watkins, supra, 193 N.J. at 520 (quoting State

v. Wallace, 146 N.J. 576, 582-83 (1996)). "Ordinarily, an abuse

of discretion will be manifest if defendant can show that a

prosecutorial veto (a) was not premised upon a consideration of

all relevant factors, (b) was based upon a consideration of

irrelevant or inappropriate factors, or (c) amounted to a clear

error in judgment." State v. Bender, 80 N.J. 84, 93 (1979).

 7 A-3173-15T2
 Prosecutors are granted "wide latitude in deciding whom to

divert into the PTI program and whom to prosecute through a

traditional trial." Negran, supra, 178 N.J. at 82. We afford the

prosecutor's decision great deference. Wallace, supra, 146 N.J.

at 589. For that reason, "[t]he scope of judicial review of a

decision to reject a PTI application is 'severely limited.'"

Hoffman, supra, 399 N.J. Super. at 213 (quoting Negran, supra, 178

N.J. at 82). A trial court can only overturn a prosecutor's

decision to deny PTI upon finding a patent and gross abuse of

discretion. Kraft, supra, 265 N.J. Super. at 112-13.

 Here, there is no evidence, let alone clear and convincing

evidence of a patent and gross abuse of discretion.

 Affirmed.

 8 A-3173-15T2